U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 2 2009

TONY R. MOORE, CLERK
BY _____
                DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

WILLIAM THATCHER DUNWOODY          DOCKET NO. 09-CV-937; SEC. P
     BOP# 08121-028

VERSUS                             JUDGE DEE D. DRELL

D.B. DREW, ET AL.                  MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff William
Thatcher Dunwoody, filed pursuant to Bivens v. Six Unknown Agents
of the Federal Bureau of Narcotics[1] in the Middle District of
Florida on May 18, 2009. The case was transferred to this District
on June 8, 2009. Plaintiff claims that his constitutional rights
were violated by the defendants in imposing disciplinary sanctions.

This matter has been referred to the undersigned for review,
report, and recommendation in accordance with the provisions of 28
U.S.C. §636 and the standing orders of the Court.

## Statement of the Case

Plaintiff named as defendants D.B. Drew, T. Garrow, and M.B.
White. Plaintiff alleges that, on April 12, 2006, another inmate
assigned to UNICOR escaped; as a result, Plaintiff was placed in

---

[1]In Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that
certain circumstances may give rise to a private cause of action
against federal officials that is comparable to the statutory
cause of action permitted against state officials by 42 U.S.C.A.
§ 1983.

administrative segregation. On July 12, 2006, Plaintiff received an incident report charging him with aiding the inmate in the escape. On September 14, 2006, Plaintiff appeared before the disciplinary hearing officer (DHO) and was found guilty of the prohibited act. Plaintiff was sanctioned to sixty days in segregation, six months without phone, commissary, or visitation, twenty days loss of good time, a disciplinary transfer, and maximum security status.

Plaintiff filed a Petition for Writ of Habeas Corpus in the District of Columbia on July 7, 2008, which was transferred to the Middle District of Florida. [5:08-cv-0281 MDFL] Plaintiff claimed that he was denied due process in connection with his disciplinary proceeding. Plaintiff asserted that he had lost good time credits as a result of the disciplinary conviction. However, in it's ruling, that Court noted that Plaintiff had conceded that he had not actually lost good time. The petition was dismissed because it did not challenge the execution or duration of Plaintiff's sentence. [5:08-cv-0281 MDFL, Doc. #12]

Plaintiff then filed this Bivens suit in the Middle District of Florida on May 18, 2009. Since the disciplinary charge and conviction occurred at USP-Pollock, the case was transferred to this District Court.

## Law and Analysis

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

There is no federal statute of limitations. Accordingly, the forum state's statute of limitations for general personal injuries is used in Bivens claims. Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period is one year. However, federal law is used to determine when a cause of action accrues. Id. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Piotrowski, 51 F.3d at 516, quoting Vigman v. Community National Bank and Trust Co., 635 F.2d 455, 459 (5th Cir. 1981). Any claim arising out of Plaintiff's disciplinary conviction would have accrued on the date of the conviction - September 14, 2006.

However, equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983 and Bivens. See Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998). Thus, Plaintiff is

3

entitled to equitable tolling for the time spent exhausting the BOP's administrative remedies. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002)(holding that because the PLRA requires a prisoner to exhaust his administrative remedies, the prisoner is entitled to equitable tolling of the applicable limitations period while he exhausts the remedies); Harris v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999)(holding that the statute of limitations applicable to a civil rights complaint should be tolled while the prisoner exhausts his administrative remedies).

Plaintiff provided the court with a copy of his Central Office Administrative Remedy Appeal and the response from the National Administrator ultimately denying Plaintiff's claim. [Doc. #1, p.25] The final denial is dated March 21, 2007. Plaintiff had one year from that date to file a Bivens action. Plaintiff did not file his civil rights complaint until May 2009, almost two years from the final denial. Thus, even with the benefit of equitable tolling during the pendency of his administrative proceedings, Plaintiff's complaint is prescribed and should be dismissed.

Even if Plaintiff's complaint had been timely, it would be subject to dismissal. First, to the extent that Plaintiff complains about his confinement in disciplinary segregation and the temporary loss of phone, commissary, and visitation privileges, his claim is frivolous. "[T]he Due Process Clause does not protect every change in the conditions of confinement which has a

4

substantial adverse effect upon a prisoner." <u>Madison v. Parker</u>,
104 F.3d 765, 767 (5th Cir. 1997) (citing <u>Sandin v. Conner</u>, 515
U.S. 472 (1995)).  In <u>Sandin</u>, the Court found that an inmate did
not have a liberty interest protecting him from a thirty-day
assignment to segregated confinement because it was not a dramatic
departure from the basic conditions of the inmate's confinement.
<u>Sandin</u> at 485.  In light of <u>Sandin</u>, the Fifth Circuit has held
that, absent extraordinary circumstances, placement in
administrative segregation will never be a ground for a
constitutional claim. <u>Martin v. Scott</u>, 156 F.3d 578, 580 (5th Cir.
1998).  Additionally, under the guidance of <u>Sandin</u>, the Fifth
Circuit has held that as a general rule, only sanctions which
result in loss of good time credits or which otherwise directly and
adversely affect the date of release will implicate a
constitutionally protected liberty interest. <u>Orellana v. Kyle</u>, 65
F.3d 29, 31-32 (5th Cir. 1995).  Accordingly, restrictions or loss
of an inmate's commissary, telephone, or visitation privileges
"provide no basis for a claim of the denial of constitutional
rights." <u>Palmisano v. BOP</u>, 258 Fed. Appx. 646, 648 (5th Cir. 2007)
(citations omitted).  Plaintiff has not shown that his confinement
in the special housing unit, or any other condition of confinement,
was an atypical and significant hardship in relation to ordinary
prison life.

Likewise, Plaintiff's complaints regarding his increase in

custody status and transfer to another prison are frivolous. Plaintiff does not have a constitutional right to be housed at a particular institution. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Also, Plaintiff does not have a protected property or liberty interest in his custodial classification. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir.), cert. denied, 488 U.S. 985 (1988).

Finally, even if Plaintiff did lose good time as a result of the disciplinary conviction, his claim would be subject to dismissal. The Supreme Court has determined that when an inmate's collateral attack on a disciplinary proceeding would "necessarily imply the invalidity" of the proceeding, he may not pursue the claim under §1983 until he demonstrates that he has challenged the proceeding in a writ of habeas corpus and the disciplinary proceeding has been invalidated, reversed, or expunged. Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriquez, 411 U.S. 475, 477 (1973) (holding that §2254 provides a specific remedy for prison inmates challenging the results of specific prison disciplinary hearings if the inmates do not seek monetary damages). It is clear from the Court records in the Western District of Florida that Plaintiff's disciplinary charge has **not** been reversed, expunged, or declared invalid. [Dunwoody v. Warden, 5:08-cv-281, Middle District of Florida, Doc. #12, 13] Thus, even if Plaintiff's complaint had been

6

timely filed, it would still be subject to dismissal.

## Conclusion

Plaintiff has presented the best case that could be presented by him.  Accepting all of Plaintiff's allegations as true, for the reasons stated herein, Plaintiff's complaint is frivolous. Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___ day of _____ , 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

8