RECEIVED
IN ALEXANDRIA, LA

FEB - 1 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **WILLIAM THATCHER DUNWOODY** <br> BOP# 08121-028 | DOCKET NO. 09-CV-937; SEC. P |
| **VERSUS** | JUDGE DEE D. DRELL |
| D.B. DREW, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Back before the Court is the *pro se* complaint of Plaintiff William Thatcher Dunwoody, filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] in the Middle District of Florida on May 18, 2009. The case was transferred to this District on June 8, 2009. Plaintiff claims that his constitutional rights were violated by the defendants through the imposition of a disciplinary sanction of twenty days loss of good time. Plaintiff seeks monetary damages.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. A report and recommendation was made, to which Plaintiff objected. The district judge remanded for further consideration and a supplemental report and recommendation. [Doc. #11]

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

### Statement of the Case

Plaintiff alleges that, on April 12, 2006, while incarcerated at the United States Penitentiary at Pollock, Louisiana (USP-P), another inmate assigned to UNICOR escaped, and Plaintiff was placed in administrative segregation. On July 12, 2006, Plaintiff received an incident report charging him with aiding the inmate in the escape. On September 14, 2006, Plaintiff appeared before the disciplinary hearing officer (DHO) and was found guilty of the prohibited act. Plaintiff was sanctioned to sixty days in segregation, six months without phone, commissary, or visitation, twenty days loss of good time, a disciplinary transfer, and maximum security status.

### Procedural History

Plaintiff *incorrectly* states in his objection to the report and recommendation [Doc. #9] that his Petition for Writ of Habeas Corpus originally filed in Washington, D.C. in May 2008 was eventually transferred to this District. That habeas case was dismissed by a district court in Florida. The case that was transferred to this district is Plaintiff's Bivens case that he filed in Florida after the dismissal of his habeas case, as outlined below.

### Final Administrative Denial - March 21, 2007

Following his disciplinary conviction, Plaintiff pursued his administrative remedies. The National Inmate Appeals Administrator ultimately denied Plaintiff's claim on **March 21, 2007.** [**Doc. #1, p.25**] With the benefit of equitable tolling, Plaintiff had one year from that date – until March 21, 2008 – to file this <u>Bivens</u> suit.[2]

### **HABEAS CASE FILED - May 27, 2008**

According to PACER, Plaintiff's first federal court filing was a **Petition for Writ of Habeas Corpus** in the District of Columbia on **May 27, 2008** - *Dunwoody v. Lappin, et al. 1:08-cv-885 (D.C. Dist.)* - attacking his disciplinary conviction and seeking, among other things, a restoration of his good time credits.

Because Plaintiff was incarcerated in the Middle District of Florida at the time, the D.C. habeas case was transferred to that district and assigned docket number *5:08-cv-0281 (MDFL)*.

In that habeas case, Plaintiff claimed that he was denied due

---

[2] As set forth in the original Report & Recommendation, there is no federal statute of limitations. Accordingly, the forum state's statute of limitations for general personal injuries is used in <u>Bivens</u> claims. <u>Lopez-Vences v. Payne</u>, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period is one year. However, federal law is used to determine when a cause of action accrues. <u>Id.</u> "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." <u>Piotrowski</u>, 51 F.3d at 516, quoting <u>Vigman v. Community National Bank and Trust Co.</u>, 635 F.2d 455, 459 (5th Cir. 1981). Any claim arising out of Plaintiff's disciplinary conviction would have accrued on the date of the conviction – **September 14, 2006.**
   However, equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983 and <u>Bivens</u>. See <u>Rotella v. Pederson</u>, 144 F.3d 892, 897 (5th Cir. 1998). Thus, Plaintiff is entitled to equitable tolling for the time spent exhausting the BOP's administrative remedies. See <u>Clifford v. Gibbs</u>, 298 F.3d 328, 333 (5th Cir. 2002).

3

process in connection with his disciplinary proceeding, resulting in the loss of good time credits. The respondent answered the petition, and that court concluded that Plaintiff had been credited with the maximum allowable number of "good time" credits for every year of his incarceration since 2001. Thus, that court determined that Petitioner did not lose any good time, so the term of his confinement was not lengthened. [5:08-cv-0281 MDFL, Doc. #8, p. 4-5 & p.93 (Exh. 8)] That court then **DISMISSED the petition for writ of habeas corpus without prejudice.** [5:08-cv-0281 MDFL, Docs. #12, 13] That case *was not* transferred to this Court as Plaintiff claims.

## BIVENS SUIT FILED - May 18, 2009

After the dismissal of the first lawsuit, Plaintiff **filed the instant suit** seeking damages of approximately $376,000.00 in the Middle District of Florida on **May 18, 2009** - *Dunwoody v. Drew, et al. 5:09-cv-222 (MDFL)*. Since the disciplinary charge and conviction occurred at USP-Pollock, the proper jurisdiction and venue for the Bivens suit was the Western District of Louisiana, and the Florida court transferred the case to this District Court. This second lawsuit, Plaintiff's suit for damages, is the one presently before the Court.

## Law and Analysis

1.  **PRESCRIPTION**

As stated in the original Report and Recommendation, and contrary to Plaintiff's assertion in his objection thereto, the complaint for monetary damages presently before this Court was originally filed on **May 18, 2009**, in the Middle District of Florida, *Docket#: 5:09-cv-00222*. Thus, even with the benefit of equitable tolling during the pendency of his administrative proceedings, *see Fn.2, supra.,* this Bivens case is prescribed and should be dismissed as such.

2.  **HECK BARRED**

Next, even if Plaintiff's suit for damages had not prescribed, it would be barred by Heck v. Humphrey, as discussed in the original Report and Recommendation and summarized below.

The Supreme Court of the United States has determined that in order to ***recover damages for allegedly unconstitutional imprisonment*** (as Plaintiff seeks to do here), a civil rights plaintiff must prove that ***the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus***. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641 (1997)(extending Heck to prison disciplinary proceedings). A claim for damages bearing that

relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Id.

Thus, if a prisoner seeks damages for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of Heck, he is barred from any recovery and fails to state a claim upon which relief may be granted. See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000). It is clear that Plaintiff's disciplinary conviction has **not** been reversed, expunged, or declared invalid. Thus, even if Plaintiff's complaint had been timely filed, it would still be subject to dismissal for failing to state a claim for which relief can be granted under Heck v. Humphrey and Edwards v. Balisok.

3. **FLORIDA HABEAS CORPUS CASE**

Plaintiff clearly disputes the findings of the Middle District of Florida in determining that he did not lose any good time credits. However, the proper vehicle to challenge the Judgment of a district court is an appeal to the proper circuit overseeing that district. Rather than filing an appeal, Plaintiff filed the instant Bivens case in the Middle District of Florida, which was transferred here.

To the extent that Plaintiff now seeks habeas relief - such as the restoration of his forfeited good time - this District does *not* have jurisdiction over such claims. Petitioner is not confined in

the Western District of Louisiana, and he was not confined within this district at the time of filing this suit: *Dunwoody v. Drew, et al.*, 5:09-cv-0222 (MDFL)/ 1:09-cv-0937 (WDLA). A habeas petitioner challenging the legality of his custody pursuant to §2241 must name his current warden as respondent AND must file the petition in the current district of confinement. See <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 447 (2004). Plaintiff is and was incarcerated in Florida at the time of filing this suit. Therefore, to the extent that Plaintiff now objects that he simply "mis-styled his motion" [Doc. #9, p.2], the Western District of Louisiana lacks jurisdiction to address his claim. A Petition for Writ of Habeas Corpus would not be proper in this district and would be subject to dismissal here pursuant to the provisions of FRCP Rule 12(h).

## Conclusion

Accepting all of Plaintiff's allegations as true, considering his objection to the Report and Recommendation [Doc. #9], for the reasons stated in that Report and Recommendation [Doc. #9], and for the additional reasons stated herein, Plaintiff's complaint should be dismissed.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation**

have ten (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 1st day of February, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE